## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

CESAR FRIAS,

      Plaintiff,

v.                                                                    Civil Action No. 5:25-cv-00395

ALLSTATE  VEHICLE  AND  PROPERTY
INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFF'S AMENDED PETITION

COME NOW Plaintiff Cesar Frias, by and through its attorney of record, and file this action for damages caused by Defendant Allstate Vehicle and Property Insurance Company. In support of all such claims and causes of action, the Plaintiff would respectfully show this Honorable Court as follow:

## I.
## INTRODUCTION AND NATURE OF THIS ACTION

1.      This action involves a dispute arising under a policy of property insurance issued by Defendant, Allstate Vehicle and Property Insurance Company, to the Plaintiff, Cesar Frias, related to property losses resulting from a covered event that occurred on or about November 25, 2023. This action seeks appropriate remedies and relief with respect to Policy number 000416886928 (the "Policy"), which was in full force and effect at all times material hereto. The covered loss includes, but is not

limited to, residential property located in Comal County, Texas (the "Property"). The subject claim giving rise to this lawsuit was properly filed and is identified by Defendant as Claim No. 0761636307.

## II.
## DISCOVERY LEVEL

2.      Plaintiff intends for discovery to be conducted at Level 1, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

3.      The monetary relief sought by the Plaintiff is more than zero but not more than $250,000.00 TEX. R. CIV. PRO. 47(c).

## III.
## JURISDICTION AND VENUE

4.      This Honorable Court has jurisdiction to hear the Plaintiff's claims under Texas common law and Texas statutory law. The amount in controversy is within the jurisdictional limit of the Court.

5.      This Court has jurisdiction over Defendant       Allstate Vehicle and Property Insurance Company because it is an insurance company engaging in the business of insurance in the State of Texas.

6.      Venue in Comal County, Texas is proper in this case because the insured property is situated in Comal County, Texas.

**IV.**
**PARTIES**

7.      The Plaintiff owns the subject Property in this case, located at 2522 Dove Crossing Dr, New Braunfels, TX, 78130-2996.

8.      Defendant, Allstate Vehicle and Property Insurance Company is a company engaged in the business of selling and providing residential property insurance coverage within the State of Texas. This includes the Plaintiff's insurance policy, which is at issue in the present case. Defendant Allstate Vehicle and Property Insurance Company may be served with Citation and a copy of this Petition, through its registered agent for service, Corporation Service Company, 1999 BRYAN ST., STE 900, DALLAS, TX 75201-3136 or through the Commissioner of Insurance, 333 Guadalupe Street, Austin, Texas 78701-3938, or otherwise pursuant to the Texas Rules of Civil Procedure.

**V.**
**FACTS COMMON TO ALL COUNTS**

9.      At all times material hereto, in consideration of a premium paid by Plaintiff, there was in full force and effect a certain homeowners insurance policy issued by Defendant with a policy number of 000416886928 (Policy).

10.      Although Plaintiff does not currently have a complete copy of the Policy, Plaintiff incorporates that Policy by reference herein and will seek to obtain a full copy through discovery as permitted under the Texas Rules of Civil Procedure.

11.     Accordingly, under the terms of the Policy, the Defendant agreed to provide insurance coverage to the Plaintiff's property against certain losses.

12.     The Plaintiff's property is located at 2522 Dove Crossing Dr, New Braunfels, TX, 78130-2996 (Property).

13.     On or about November 25, 2023, while the Policy was in full force and effect, the Property sustained a covered Wind, Wind driven rain, and/or hair loss (Loss).

14.     Shortly thereafter the Plaintiff reported the Loss to the Defendant.

15.     Accordingly, Defendant assigned claim number 0761636307 and inspected the Property.

16.     After inspecting the property, Defendant determined that the amount of damages fell below the applicable deductible under the policy.

17.     Subsequently, Defendant failed to adequately indemnify the Plaintiff for the Loss.

18.     On October 26, 2024, Plaintiff, through their authorized agent, disputed Defendant's determination and specifically identified the damages and amounts that were wrongfully omitted from Defendant's estimate. *See Exhibit B*.

19.     By its failure to tender an appropriate amount to repair the Property, Defendant has materially breached the Policy.

20.     Defendant failed to properly indemnify the Plaintiff for the Plaintiff's losses stemming from the Loss.

21.    Plaintiff suffered and continue to suffer damages resulting from Defendant's breach of the Policy. Defendant failed to conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly investigate the claims, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to properly adjust the claims and the Plaintiff's losses.

22.    As a result of the above issues, the Plaintiff did not receive the coverage for which the Plaintiff had originally contracted with Defendant. Unfortunately, the Plaintiff have therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

**VI.**
**CLAIMS AGAINST DEFENDANT**

22.    The Plaintiff hereby incorporates by reference all facts and circumstances set forth within the above paragraphs.

23.    All conditions precedent to recovery by the Plaintiff have been met or have occurred.

24.    All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such were done with Defendant's full

authorization or ratification and were completed in the normal and routine course and scope of employment with Defendant.

## BREACH OF CONTRACT

25.    All parties agree that the Plaintiff entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Texas. The contract outlined obligations to be performed by both the Plaintiff and Defendant, including but not limited to, the Plaintiff paying policy premiums for the Plaintiff's insurance coverage, and Defendant then providing said coverage for the Plaintiff's claim in the event of covered damage. The Plaintiff fully performed the Plaintiff's contractual obligations by making policy premium payments and timely reporting covered losses upon the Plaintiff's discovery, as required by the Plaintiff's insurance contract with Defendant.

26.    To the contrary, Defendant materially breached the contract by failing to provide adequate coverage following the underlying claim filed by the Plaintiff. Moreover, despite filing a claim which notified Defendant of this loss, the Plaintiff has yet to receive full compensation for its covered damages as required by the insurance contract it purchased. As such, in addition to the above, the Plaintiff has previously given notice pursuant to Chapter 38.001 of the Civil Practice and Remedies Code, that it will seek all available attorney fees, costs of court, penalties, and any additional remedies recoverable under Texas law.

## A.  **VIOLATIONS OF THE TEXAS DTPA AND TIE-IN STATUTES**

27.    Defendant's actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically, in violation of Section 17.46(b), Defendant engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

> *17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

> *17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and
> *17.46(b)(24)* - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

28.    Moreover, and specifically in violation of Section 17.50(a), Defendant engaged in the use of false, misleading and deceptive acts or practices outlined above, to which the Plaintiff relied on to the Plaintiff's detriment, in addition to engaging in the following:

> *50(a)(3)* - An unconscionable action or course of action; and
> *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

29.     As described in this Amended Petition, Defendants represented to the Plaintiff that the Policy and Defendants' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives the Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

30.     As described in this Amended Petition, Defendants represented to the Plaintiff that the Policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

31.     By representing that Defendants would pay the entire amount needed by the Plaintiff to repair damages caused by the underlying covered event, and then not doing so, Defendants violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

32.     Additionally, Defendant improperly determined that the amount of damages to Plaintiff's property fell below the applicable deductible under the policy by failing to factor in all property covered under the insurance policy and omitting significant damages that should have been included in the total loss calculation.

33.     Plaintiff's authorized agent, Graystone Adjusting, LLC, provided Defendant with concrete proof establishing that the damages resulted from a covered weather event under the terms of the policy.

34.    In addition to confirming the covered cause of loss, Plaintiff's agent submitted detailed documentation, including photographs and results of professional testing, demonstrating the extent of the damages and identifying specific areas of the property that were impacted.

35.    Plaintiff's agent also provided a thorough explanation, supported by evidence, identifying the specific items of property and areas that Defendant wrongfully omitted from its estimate. *See Exhibit B, Determination Email Communication to Insurer*.

36.    Defendant has misrepresented the scope and extent of the property covered under the insurance policy by failing to acknowledge and include all damaged property sustained during the covered event, especially after Plaintiff provided concrete evidence demonstrating that such property was covered under the terms of the policy.

37.    As a direct result of Defendant's misrepresentations, Plaintiff continues to suffer damages, including but not limited to unpaid policy benefits, ongoing property deterioration, and additional financial losses.

38.    Defendant's actions, as described herein, are unconscionable in that they took advantage of the Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives the Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

39.    Defendant's conduct, acts, omissions, and failures, as described in this Amended Petition, are violations of Chapter 541 of the Texas Insurance Code and are

unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

40.    The Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Defendants. The Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendants to their detriment. As a direct and proximate result of Defendants' collective acts and conduct, the Plaintiff has been damaged in an amount allowed within the jurisdictional limits of this Court, for which the Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendants are a producing cause of the Plaintiff's damages that are described in this Amended Petition.

41.    As a result of Defendant's actions and conduct, which were committed knowingly and intentionally, the Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, the Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

42.    As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, the Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, the Plaintiff also seeks to recover his/her costs and reasonable and necessary attorney fees as

permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show themselves to be justly entitled at law and in equity.

### C. VIOLATIONS OF TEXAS INSURANCE CODE
### I. SECTION 541

43.     Defendant's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, Defendants committed the following unfair and deceptive acts or practices in the business of insurance:

>   *541.051(1)(A)* - Making statements misrepresenting the terms of the policy; and
>
>   *541.051(1)(B)* - Making statements misrepresenting the benefits of the policy.

44.     Continuing, in violation of Section 541.060(a), Defendants engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

>   541.060(a)(1) - Misrepresenting a material fact or policy provision relating to coverage;
>
>   *541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;
>
>   *541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(6)* - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

45.     Further, Defendants violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

46.     Further, as a result of Defendant's actions and violations described herein, Plaintiff's authorized agent was forced to file a complaint with the Texas Department of Insurance seeking review of Defendant's improper claims handling practices. The complaint was formally submitted on October 26, 2024.

## II.
## SECTION 542

47.    In addition to the above, Defendants' actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Defendants to date, it has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant, pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted, as to which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling a policyholder to institute a suit to recover an amount due under a policy, by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

48.    Defendants violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code, by their failure to adhere to the statutorily prescribed deadlines in the

handling, adjustment and payment of insurance claims. As a result of the above-referenced violations and acts committed by Defendants, and in accordance with Section 542.06 of the Texas Insurance Code, Defendant is liable to pay the Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment under governing Texas law, together with reasonable and necessary attorney fees. The Plaintiff is also entitled to pre-judgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

49.    As a result of the above-referenced violations and acts committed by Defendants, and in accordance with Section 542.06 of the Texas Insurance Code, Defendants are liable to pay the Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment under governing Texas law, together with reasonable and necessary attorney fees. The Plaintiff is also entitled to pre-judgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

25.    Specifically, Defendant violated Section 542 of the Texas Insurance Code when they admitted that coverage was afforded for the damages sustained by the covered event; however, Defendant intentionally undervalued the amount of covered damages

to Plaintiff's property in an effort to reduce the total loss to an amount below the applicable deductible under the policy.

26.     Plaintiff subsequently retained a licensed public adjuster, Graystone Adjusting, LLC, who conducted a thorough inspection and estimated the damages to Plaintiff's property to be well in excess of the policy's deductible amount, as reflected in the estimate attached hereto as Exhibit A. This estimate was provided to Defendant prior to Defendant's determination of the damage amount.

27.     Following Defendant's determination that was made on October 28, 2024, the amount of damages fell below the deductible, Plaintiff objected and asserted that Defendant's coverage determination did not align with the coverage terms stated in the policy. Plaintiff specifically identified the amounts omitted from Defendant's estimate of damages, as well as the testing and evaluations conducted to assess the extent of the damages, all of which Defendant disregarded. *See Exhibit B, Determination Email Communication to Insurer*.

28.     As a result of Defendants' Texas Insurance Code violations, the Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, the Plaintiff also seek to recover the Plaintiff's court costs, reasonable and necessary attorneys' fees as permitted under Chapter 38.001 of the Texas Civil Practice of Remedies Code, as well as the Texas Insurance Code, and all other damages to which the Plaintiff may show himself justly entitled by law or in equity.

## D. BREACH OF THE PROMPT PAYMENT OF CLAIMS ACT

44.    The Plaintiff incorporates herein by reference paragraphs 1 through 44.

45.    To perfect its PPOC claim, the Plaintiff must show that (1) he made a claim under an insurance policy, (2) Defendant is liable for the claim, and (3) Defendant failed to follow one or more sections of the PPOC with respect to the claim. All three elements are established here.

46.    Defendant failed to notify the Plaintiff in writing of the acceptance or rejection of her claim, including the reason for the rejection.

47.    Defendant did not provide a reasonable explanation of the basis in the policy, in relation to the acts or applicable law, for Defendant's denial of the Plaintiff's claim and failed within a reasonable time to affirm or deny coverage of the Plaintiff's claim in violation of the Texas Insurance Code.[1]

48.    The Plaintiff is entitled to the entire amount to restore his home to the same position before the loss plus 10% penalty interest per annum on the amount unreasonably withheld, together with reasonable attorney's fees.[2]

49.    That attorney's fees shall be taxed as part of the costs in this case.

---

[1] Tex. Ins. Code §542.056
[2] Tex. Ins. Code §542.060

### E. BREACH OF THE COMMON LAW DUTY OF
### GOOD FAITH AND FAIR DEALINGS

50.    Defendants breached the common law duty of good faith and fair dealing by unfairly handling the Plaintiff's claim, inadequately adjusting the Plaintiff's claim, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendants' ultimate payment decision. The Plaintiff is therefore entitled to damages as a result of this conduct as well.

### VI.
### WAIVER AND ESTOPPEL

51.    The Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

52.    Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters properly sent by the Defendants to the Plaintiff.

### VII.
### DAMAGES

53.    Defendant's acts have been the producing or proximate cause of damage to the Plaintiff.

54.    Therefore, the Plaintiff seeks an amount allowed within the jurisdictional limits of this Court.

55.    Furthermore, the conduct of the Defendants was committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under all operative provisions of the Texas Insurance Code. The Plaintiff is also entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

56.    In addition to the above, the Plaintiff is entitled to all reasonable and necessary attorney fees pursuant to the Texas Insurance Code, DTPA, and Sections 38.001-.005 of the Civil Practice and Remedies Code.

## IX.
## JURY DEMAND

57.    The Plaintiff demands a jury trial and tenders the appropriate fee with this Amended Petition.

## PRAYER

WHEREFORE, PREMESIS CONSIDERED the Plaintiff pray it be awarded actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post- judgment interest as allowed by law, costs of suit, all such additional relief specified within this Amended Petition, and for all such other relief, at law or in equity, to which the Plaintiff may be justly entitled.

Dated this <u>28th</u> day of <u>April, 2025</u>.

Respectfully submitted,

<u>/s/ Louis A. Gonzalez, Esq.</u>
**Louis A. Gonzalez, Esq.**
Texas Bar No.: **24136417**
Vargas Gonzalez Delombard, LLP
*Counsel for the Plaintiff*
325 N. St. Paul Street, Suite 3100
Dallas, Texas 75201
Phone: (469)382-8761
Facsimile: (469)513-4001
E-mail: Louis@VargasGonzalez.com
E-mail: Service4@VargasGonzalez.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April 2025, a true and correct copy of the foregoing instrument was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

**C. India Woodington**
Valdez & Trevino, Attorneys at Law, P.C.
8023 Vantage Drive, Suite 700
San Antonio, TX 78230
Phone: 210.598.8686
Facsimile: 210.598.8797
E-mail: iwoodington@valdeztrevino.com
*Counsel for Defendant*

**Joseph Edward Cuellar**
Valdez & Trevino, Attorneys at Law, PC
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, TX 78230
Tel: 210.598.8686
Facsimile: 210.598.8797
E-mail: jcuellar@valdeztrevino.com
*Counsel for Defendant*

*/s/ Louis A. Gonzalez, Esq.*
**Louis A. Gonzalez, Esq.**
Texas Bar No.: **24136417**